UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF LOUISIANA, SHREVEPORT DIVISION**

| | | |
|---|---|---|
| HOUSTON SPECIALTY | ) | |
| INSURANCE COMPANY | ) | CIVIL DOCKET NO. 5:17-CV-01010-RGJ-MLH |
|    Plaintiff | ) | |
| v. | ) | |
| ASCENSION INSULATION | ) | |
| AND SUPPLY, INC., | ) | |
| ADAM WHATLEY AND | ) | JUDGE ROBERT G. JAMES |
| CARLY WHATLEY | ) | MAGISTRATE JUDGE HORNSBY |
|    Defendants | | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
OR ALTERNATIVELY, MOTION TO ABSTAIN**

Defendant, Ascension Insulation and Supply, Inc. ("AIS") through undersigned counsel, submits this memorandum in support of their Motion to Dismiss, or Alternatively, Motion to Abstain and states as follows:  This is a declaratory judgment action brought by an insurer, Houston Specialty Insurance Company ("Houston Specialty"), to determine coverage and duty to provide liability defense pursuant to a liability policy issued to its named insured (Ascension Insulation & Supply, Inc.) for a lawsuit styled "*Adam Whatley, et al. vs. Wolfe Washauer Construction, LLC et al.* Docket Number 22,929-A, 20th Judicial District Court, West Feliciana Parish, Louisiana" ("Whatley suit").  The Whatley suit alleges defects in remodeling work performed on their home which allegedly caused moisture damage, subsequent mold contamination, and bodily injury to the Whatleys' minor children.  The Whatley suit names the general contractor and several sub-contractors, including AIS, as defendants alleging negligent and/or sub-standard workmanship as the cause of the alleged defects and resulting damages and injuries.

For the reasons discussed below, this Court should decline to entertain this declaratory judgment action and dismiss it, without prejudice, under the reasoning of *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994); *Princeton Excess & Surplus Lines Ins. Co. v. Mehendi*

*LLC,* No. Civ. A. 13-0955 (W.D. La., 2014); *Republic Fire & Casualty Ins. Co. v. Estate of Jeane,* No. Civ. A. 16-00171 (W.D. La., 2017); *Hanover Ins. Co. v. Latter & Blum Prop. Mgmt., Inc.*, No. Civ. A 08-777, 2008 WL 2067060 (E.D. La. May 14, 2008); and *Scottsdale Ins. Co. v. Elliot,* No. Civ. A 05-2431, 2005 WL 3543939 (E.D. La. Oct. 20, 2005).

This controversy involves solely the question of insurance coverage under circumstances in which liability and all other questions are being presented in state court. The pending state court action will adjudicate the issue of AIS's liability and the issue of Houston Specialty's insurance coverage and purported policy exclusions. The coverage issues presented in this declaratory action are inextricably intertwined with the liability questions currently at issue in the state court proceeding, and all issues raised in this action for declaratory judgment will necessarily be resolved in the state court proceeding.

Furthermore, all of the issues in the declaratory judgment action may be resolved in the previously filed and currently pending state court proceeding.  Federal jurisdiction in this case is based on diversity of citizenship; all issues are state law issues uniquely suited for resolution by the state court, including the issues in this declaratory action, specifically whether the Houston Specialty policy provides coverage and/or owes AIS a duty to defend against the Whatley suit. Houston Specialty filed this suit in anticipation of the issue being raised in the state court proceeding, and knew that AIS would seek relief, liability defense and if applicable insurance coverage, relative to the allegations made against AIS in the Whatley suit.  It is patently unfair to make the parties litigate the question of coverage in federal court when that question will necessarily be resolved in the pending state court dispute along with the liability issues. Moreover, resolving this issue in federal court would be no less convenient than doing it in state court.  Therefore, it would undeniably serve the interests of judicial economy to have all of the

issues involved in the Whatley suit resolved in one forum (the forum where the original, underlying suit was filed). *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590-91 (5th Cir. 1994).

As succinctly stated by the United States District Court for the Eastern District of Louisiana, "[t]he Declaratory Judgments Act must not be used to resolve only particular issues without settling the entire controversy ... especially where the entire controversy may be settled by a suit in state court ... The purpose of 28 U.S.C. § 2201 is not advanced by trying a case piecemeal ...." *Highlands Ins. Co. v. A.E. Invs., Inc.*, 637 F. Supp. at 216 (quoting *Ohio Cas. Co. v. Jackson County Bank*, 562 F. Supp. 1165, 1169 (D.C. Wisc. 1983)).

## STATEMENT OF THE CASE

This declaratory judgment action arises from the Whatley suit wherein it is alleged in pertinent part that the insulation installed by AIS in the remodeled portion of the West Feliciana Whatley home was improperly installed, which lead to moisture damage, and subsequent mold contamination and bodily injury to the Whatleys' minor children.

The Whatleys filed suit on April 18, 2017, in state district court in West Feliciana Parish, where the home at issue is situated. The Whatleys name AIS as a defendant in the state court lawsuit, and at paragraph 20 of their petition, allege that AIS's insurer provides coverage for the acts and omissions committed at issue relative to AIS.[1] (Exhibit 1, Whatleys' State Court Petition for Damages.) Considering the *Trejo* factors set forth herein below, and following the reasoning in *Princeton* and *Republic*, this Court should abstain from hearing this controversy, and dismiss the declaratory judgment action, without prejudice. *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590-91 (5th Cir. 1994); *Princeton Excess & Surplus Lines Ins. Co. v. Mehendi LLC,* No. Civ. A. 13-0955

---

[1] The Whatleys name AIS' insurer as "DEF Insurance Company," as the name of AIS' insurer was unknown by the Whatleys at the time the lawsuit was filed.

(W.D. La., 2014); *Republic Fire & Casualty Ins. Co. v. Estate of Jeane*, No. Civ. A. 16-00171 (W.D. La., 2017)

## ARGUMENT

The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a) (emphasis added).  The Supreme Court of the United States in a case factually analogous to the instant matter declared, ""[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) at 495, 62 S.Ct., at 1175-1176

District courts possess vast discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites. *Sherwin-Williams Co. v. Holmes County*, 343 F. 3d 383, 387 (5th Cir. 2003); *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590-91 (5th Cir. 1994); *Princeton Excess & Surplus Lines Ins. Co. v. Mehendi LLC,* No. Civ. A. 13-0955 (W.D. La., 2014); *Republic Fire & Casualty Ins. Co. v. Estate of Jeane,*  No. Civ. A. 16-00171 (W.D. La., 2017).  Federal courts should forego jurisdiction in declaratory judgment actions "when considerations of judicial economy overwhelm." *Century Surety Co. v. Charles*, No. Civ. A. 05-595, 2005 WL 1309261, 1 (E.D. La. May 18, 2005), *quoting Celestine v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 115 F. App'x. 658, 2004 WL 2244281, 2 (5th Cir. 2004).

As in *Republic Fire & Casualty Ins. Co. v. Estate of Jeane,* this district has declined to decide state-law insurance coverage issues in a separate federal declaratory judgment action, and

have dismissed such federal declaratory judgment actions by insurers. In the *Republic* decision this court noted that, "the Supreme Court interpreted the Declaratory Judgment Act as conferring "on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.* 515 U.S. 277, 286 (1995).  And "the analysis regarding whether to retain a declaratory judgment action requires a federal district court to determine:

> (1) whether the declaratory action is justiciable;

> (2) whether the court has the authority to grant declaratory relief; and

> (3) whether to exercise its discretion to decide or dismiss the action."

*Sherwin-Williams Co. v. Holmes County*, 343 F. 3d 383, 387 (5th Cir. 2003).

Under the third prong of the above analysis the U.S. Fifth Circuit Court of Appeals in *St. Paul Ins. Co. v. Trejo* outlined seven nonexclusive factors a district court should consider when deciding whether or not to exercise its discretion to forego jurisdiction in declaratory judgment actions:

1. Whether there is a pending state action in which all of the matters in controversy may be fully litigated;

2. whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

3. whether the plaintiff engaged in forum shopping in bringing the suit;

4. whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

5. whether the federal court is a convenient forum for the parties and witnesses;

6. whether retaining the lawsuit would serve the purposes of judicial economy; and

7. whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590-91 (5th Cir. 1994)

Here, the seven factors weigh heavily in favor of dismissal of this declaratory judgment

action, without prejudice.  In *Princeton* and *Republic* the Court dismissed similar declaratory judgment actions filed by insurers, where there was a pending state court action in which the matters in controversy could be fully litigated.

The first *Trejo* factor asks whether there is a pending state court action that may cover all of the issues in the declaratory action.  Houston Specialty's declaratory action presents only two issues: whether or not there is coverage for the losses alleged in the Whatleys' state court action and whether or not Houston Specialty owes a duty to its insured to provide a defense in that same state court litigation.  This issue is squarely before the state court based on the allegations in the Whatleys' state court petition. (Exhibit 1, Whatleys' State Court Petition for Damages.)

Furthermore, federal jurisdiction in this case is based on diversity of citizenship, and all of the issues in Houston Specialty's declaratory action may be fully litigated in the state court lawsuit, which was filed prior to the instant action.  The U.S. Fifth Circuit Court of Appeals has stated that if "the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." Therefore, factor one favors dismissal.  *Sherwin-Williams Co. v. Holmes County*, 343 F. 3d 383, 387 at 390-391 (5th Cir. 2003).

The second *Trejo* factor asks whether the declaratory action was filed in anticipation of a lawsuit filed by the defendant.  The answer is clearly in the affirmative.  Houston Specialty filed this declaratory judgment action after it had received a representation letter by AIS's counsel and notice of the pending state court litigation, the Whatley suit.  And after Houston Specialty issued a reservation of rights letter to AIS, through undersigned counsel, acknowledging the Whatley suit and advising AIS that Houston Specialty would be providing a defense to AIS in that litigation,

under a reservation of rights. Thus, the entire sequence of events demonstrates that Houston Specialty filed this declaratory action with full knowledge of the pending state court litigation. Factor two is therefore in favor of dismissal.

The third *Trejo* factor asks whether the plaintiff/insurer engaged in forum shopping in bringing the suit.  The allegedly defective construction occurred in West Feliciana Parish which is immediately adjacent to East Baton Rouge Parish; all of the parties in the Whatley suit are located in East Baton Rouge and/or the immediately adjacent Ascension and West Feliciana Parishes.  The United States District, Western District of Louisiana, Shreveport Division is located over two hundred and twenty miles and nearly four hours drive time away from the Whatleys' home.  Filing suit as a plaintiff seeking declaratory relief (rather than waiting to be adjudicated in the previously filed state court proceeding) was the only way Houston Specialty could have gotten this case into federal court and in particular into federal court in Shreveport, LA.  "[I]t has long been recognized that "'[t]he wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing ... to choose a forum.'" *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 505 (5th Cir.1988) (*quoting New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 168 (5th Cir.1986), *quoting H.J. Heinz Co. v. Owens*, 189 F.2d 505, 508 (9th Cir.1951), *quoting Am. Auto. Ins. Co. v. Freundt*, 103 F.2d 613, 617 (7th Cir.1939)).  Houston Specialty appears to have no other purpose for its declaratory action than to choose a forum that would otherwise be unavailable to it.  Thus, factor three favors dismissal.

The fourth *Trejo* factor asks about possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forum.  The factual circumstances giving rise to the litigation clearly point to the appropriateness of a state court action.  The Whatleys filed their state court action on April 18, 2017; Houston Specialty filed the instant declaratory action on

August 11, 2017.  To allow Houston Specialty to file a federal lawsuit after receiving notice of the pending state litigation in order to foreclose state court consideration of a key issue would impose inequitable hardship on AIS by prematurely denying coverage and denying AIS a defense to the state court action, all while discovery in the state court matter is in its infancy. Accordingly, factor four favors dismissal.

The fifth *Trejo* factor asks whether the federal court is a convenient forum for the parties and witnesses.  As stated in the analysis of the third factor, the allegedly defective construction occurred in West Feliciana Parish which is immediately adjacent to East Baton Rouge Parish; all of the parties in the Whatley suit are located in East Baton Rouge and/or the immediately adjacent Ascension and West Feliciana Parishes.  The United States District Court, Western District of Louisiana, Shreveport Division is located over two hundred and twenty miles and nearly four hours drive time away from the Whatleys' home and the principal parties.  Compelling AIS and the Whatleys to litigate in Shreveport, Louisiana is obviously inconvenient.  Likewise, it is certainly inconvenient to compel witnesses and the parties to litigate in two separate forums. Should the court decline jurisdiction and dismisses the instant action, the parties will litigate in one action that will resolve all issues. Accordingly, the fifth factor heavily favors dismissal of Houston Specialty's declaratory action.

The sixth *Trejo* factor asks whether retaining the lawsuit would serve the purposes of judicial economy. Clearly, if the state court action will decide the only two issues presented here for declaratory relief, then judicial economy would be ill served by a parallel federal declaratory action on those issues.  Factor six likewise favors dismissal.

The seventh and final *Trejo* factor (similar to the first *Trejo* factor) requires the court to address comity, efficiency and federalism. The seventh factor evaluates whether the federal court

is going to construe a state judicial decree involving the same parties and issues as the underlying state court suit.  While this court is not being called on to construe a state judicial decree and thus factor seven does not directly favor dismissal, the Fifth Circuit stated that if "the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Republic Fire & Casualty Ins. Co. v. Estate of Jeane*, No. Civ. A. 16-00171 (W.D. La., 2017) quoting *Sherwin-Williams Co. v. Holmes County*, 343 F. 3d 383, 387 (5th Cir. 2003)

As in *Republic Fire & Casualty Ins. Co. v. Estate of Jeane*, all of the insurance coverage matters in controversy may be fully litigated in the pending state court action.  The state court is fully capable of litigating the issue of whether Houston Specialty's insurance policy provides, or does not provide, liability coverage and/or whether Houston Specialty's insured, AIS, is entitled to a defense for the Whatleys' state court litigation.  Retaining this lawsuit in federal court would contravene the purposes of judicial economy by allowing two lawsuits concerning the issue of insurance coverage to proceed simultaneously. *See generally Scottsdale Ins. Co. v. Elliot*, No. Civ. A 05-2431, 2005 WL 3543939 (E.D. La. Oct. 20, 2005); *Century Surety Co. v. Charles*, No. Civ. A. 05-595, 2005 WL 1309261, 1 (E.D. La. May 18, 2005).

Several other decisions support this Court's decision to stay or dismiss this action in favor of the pending state court action, on the grounds of comity and/or abstention. *See also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S. Ct. 2137, 2143, 132 L. Ed. 2d 214 (1995) ("If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action."); *Pronational Ins. Co. v. Ramos*,

No. 1:05 CV 1240, 2005 WL 1668513 (N.D. Ohio July 18, 2005) (granting the defendant/insured's motion to dismiss insurer's federal declaratory judgment action, for lack of subject matter jurisdiction under Fed. R. Civ. Proc. 12(b)(1), where there was a pending state action). *See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 1527, 161 L. Ed. 2d 454 (2005) ("Comity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation."), *citing Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S. Ct. 1098, 87 L. Ed. 1424 (1943), *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 61 S. Ct. 643, 85 L. Ed. 971 (1941).  Accordingly, this Court should decline to entertain this action, and should dismiss this matter without prejudice.

## CONCLUSION

Because there is a pending state court action which can adequately resolve this matter, Houston Specialty Insurance Company's Complaint for Declaratory Relief should be dismissed, without prejudice.

RESPECTFULLY SUBMITTED:
THE KYLE LAW FIRM, A.P.L.C.

____/s/ Steven Schilling_____
SHARON B. KYLE # 25437 sk@kylelaw.net
NANCY A. RICHEAUX #29397 nr@kylelaw.net
STEVEN K. SCHILLING #27635  ss@kylelaw.net ( T.A.)
4960 Bluebonnet Blvd., Ste. A
Baton Rouge, Louisiana 70809
Telephone: 225/293-8400
Facsimile: 225/291-9501

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this day been mailed, postage prepaid and properly addressed to all known counsel of record.
Baton Rouge, Louisiana this 28th day of December, 2017.

___/s/ Steven Schilling_
Steven K. Schilling