UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HOUSTON SPECIALTY            CIVIL ACTION NO:  5:17-CV-1010
INSURANCE COMPANY

VERSUS                             JUDGE:  ROBERT G. JAMES

ASCENSION INSULATION AND         MAGISTRATE:  MARK L. HORNSBY
SUPPLY, INC., ET AL

**HOUSTON SPECIALTY INSURANCE COMPANY'S
MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS
OR ALTERNATIVELY, MOTION TO ABSTAIN**

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.
400 Texas Street, Suite 400 (71101)
P.O. Box 1786
Shreveport, Louisiana 71166-1786
(318) 221-1800//(318) 226-0390 (fax)
darmand@padwbc.com (e-mail)
zwilkes@padwbc.com (e-mail)


BY:     //es//  *Zachary A. Wilkes*
        DONALD ARMAND, JR. (#17444), TA
        ZACHARY A. WILKES (#36730)
ATTORNEYS   FOR   HOUSTON   SPECIALTY
INSURANCE COMPANY

### TABLE OF CONTENTS

I.    **Introduction**                                                                          4

II.   **Statement of Facts and Procedural Posture**                                             6

      A.    Houston Specialty Insurance Policy                                                  6

      B.    Whatley Litigation                                                                  7

III.  **Law and Argument**                                                                     9

      A.    The Defendants' Motion to Dismiss or, in the Alternative, Abstain should
            be denied                                                                          9

      B.    The pending state action (Factor #1)                                              10

      C.    HSIC did not improperly file suit in anticipation of a defendant lawsuit, or
            engage in improper forum shopping (Factors #2 and #3)                             11

      D.    There are no inequities in allowing the declaratory judgment action to
            proceed, and this Court is a convenient forum (Factors #4 and #5)                 13

      E.    Retaining the lawsuit would serve the purposes of judicial economy
            (Factor #6)                                                                       14

      F.    This Court is not being called on to construe a judicial decree (Factor #7)       15

IV.   **Conclusion**                                                                          15

# TABLE OF AUTHORITIES

## CASES

| | |
|---|---|
| *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 373 (5th Cir.1998) | 5, 9, 10, 11 |
| *Canal Ins. Co. v. Smith*, 208 F.3d 1006 (5th Cir. 2000) | 14 |
| *Clarendon Am. Ins. Co. v. S. States Plumbing, Inc.*, 803 F.Supp.2d 544, 551 (W.D. La. 2011) | 6, 9, 10 |
| *Clarendon America Insurance Company v. B&S Equipment Company, Inc.*, 2007 WL 2711062 (W.D. La.) | 5, 8, 9, 10, 12, 13 |
| *Clarendon America Insurance v. Coastal Cargo Co., Inc.*, 2007 WL 3256616 (W.D. La.) | 5, 14 |
| *Clarendon National Insurance Company v. T.M.I Enterprises, LLC*, 2008 WL 3838025 (W.D. La.) | 5, 12, 13 |
| *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 Fed.Appx. 159, 166 (5th Cir.2015) | 5, 10 |
| *Praetorian Specialty Ins. Co. v. Auguillard Const. Co., Inc.*, 829 F.Supp.2d 456, 471 (W.D. La. 2010) | 12 |
| *Princeton Excess & Surplus Lines Ins. Co. v. Mehendi LLC*, CIV.A. 13-0955, 2014 WL 782832 (W.D. La. Feb. 24, 2014) | 10, 11 |
| *Republic Fire & Cas. Ins. Co. v. Estate of Jeane*, CV 16-00171, 2017 WL 456007, (W.D. La. Feb. 1, 2017) | 10 |
| *Sherwin-Williams v. Holmes County*, 343 F.3d 383, 391 (5th Cir. 2003) | 11, 12 |
| *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir.1994) | 8, 9, 13, 15 |

MAY IT PLEASE THE COURT:

The instant declaratory judgment action involves a distinct legal inquiry – the existence of coverage under a commercial liability policy Houston Specialty Insurance Company ("HSIC") issued to Ascension Insulation and Supply, Inc. ("Ascension") – that can be decided quickly and efficiently in this Court.   Houston Specialty Insurance Company ("HSIC") opposes the Defendants' Motions to Abstain, and is also contemporaneously filing a motion for summary judgment seeking a declaration that no coverage exists under the HSIC insurance policy at issue in this suit.

I.      **Introduction**

HSIC filed the instant declaratory judgment action to determine its rights and obligations under a commercial general liability policy issued to Ascension Insulation and Supply, Inc. ("Ascension").  The policy had a coverage period of coverage period of April 9, 2013 to April 9, 2014, and contained a mold exclusion, as well as other standard policy exclusions.

Years after the HSIC policy ended, Ascension placed HSIC on notice of, and requested a defense and indemnity with respect to, a lawsuit styled Adam Whatley and Carly Whatley, et al v. Wolfe Washauer Construction, LLC, Suit Number 22,929-A, 20th Judicial District Court, West Feliciana Parish, Louisiana (the "Whatley" litigation). See Complaint, Doc. 1, ¶ 3.  The lawsuit alleges that, in 2017, the Whatleys discovered construction defects at their home, and seeks property damages to remediate the alleged defects, as well as bodily injury damages arising from mold exposure.

HSIC maintains that, as a matter of law, there is neither coverage under its policy nor a duty to defend because the allegations in the Whatley litigation fall outside its policy period; and, further, even if the suit alleged or involved damages within the policy period, all of the claims

are excluded by several standard policy exclusions.  The coverage inquiry in this case is not complex.  There is no coverage under the HSIC policy because the claim against Ascension involves alleged damages that did not manifest until February 2017 – nearly three years after the policy's April 9, 2014 expiration date.  Further, Plaintiff's claims against Ascension are for damages that are all clearly excluded from coverage by standard exclusions routinely upheld by Louisiana courts in construction defect cases – the mold exclusion, work product exclusion, and contractual liability exclusion.  Hence, even if Plaintiff could establish damages within the HSIC policy period – which it cannot do – there would still not be coverage under the HSIC policy.

Ascension and Whatley cannot establish coverage under the policy – and, instead of opposing the coverage issues on the merits, filed Motions to Abstain – which, if granted, would almost certainly subject HSIC to lengthy, multi-party litigation in state court at some point.  This Court has addressed abstention motions before, under almost identical circumstances, and found it proper to retain jurisdiction in the Western District.  See Clarendon National Insurance Company v. T.M.I. Enterprises, LLC, 2008 WL 3838025 (W.D. La.), at *2-3; Clarendon America Insurance v. Coastal Cargo Co., Inc., 2007 WL 3256616 (W.D. La.), at *3; Clarendon America Insurance Company v. B&S Equipment Company, Inc., 2007 WL 2711062 (W.D. La.), at *5; Clarendon Am. Ins. Co. v. S. States Plumbing, Inc., 803 F.Supp.2d 544, 551 (W.D. La. 2011).  Exercising jurisdiction is also consistent with Fifth Circuit precedent.  See Ironshore Specialty Ins. Co. v. Tractor Supply Co., 624 Fed. Appx. 159, 166 (5th Cir. 2015); Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc., 149 F.3d 371, 373 (5th Cir. 1998)

Further, HSIC submits that this case is already ripe for summary adjudication – see HSIC's Motion for Summary Judgment.  The granting of that motion would necessarily

pretermit the Defendants' stated concerns regarding any logistical inconvenience in having this matter decided in the Western District.

The Court should exercise its discretion, deny the motions to abstain, and grant the Motion for Summary Judgment HSIC is filing contemporaneously with this opposition.

## II.    **Statement of Facts and Procedural Posture**

### A.    **Houston Specialty Insurance Policy**

Houston Specialty is a Texas insurance corporation, and Regional Insurance Services Company, LLC ("RISCOM") is a company based in Shreveport, Louisiana that serves as Houston Specialty's managing general agent in Louisiana.   Houston Specialty, by and through RISCOM, issued a commercial general liability insurance policy No. HSLR-00302-2 to Ascension Insulation and Supply, Inc. (Affidavit of Lynda McCallon, Claims Vice President, RISCOM, attached as Exhibit "A," ¶3); (Houston Specialty Policy no. HSLR18-00302-02, attached as Exhibit "A-1").

The original application for the HSIC policy was received, and the policy rated, underwritten, and approved in Shreveport, Louisiana. Exhibit "A," ¶4. The policy also was bound and generated in Shreveport, Louisiana.  Id.  All work on the claim on the Houston Specialty policy, and in connection with the Whatley Litigation, has been and continues to be done at or through the RISCOM office in Shreveport.  Exhibit A at ¶4-6.

The HSIC policy had a coverage period of **April 9, 2013 to April 9, 2014.**  (Exhibit A, ¶3); (Houston Specialty policy, number HSLR18-00302-02, attached as "Exhibit A-1," HSIC0012).   The HSIC policy contains a standard insuring agreement providing that only damages occurring during the policy period are covered under the policy. (Exhibit A-1, HSIC0085).   The policy also contains a standard "mold exclusion," a standard "work product

exclusion," and a standard exclusion for claims "for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." (Exhibit A-1, HSI0068-69, HSIC0080, HSIC0092).

### B. Whatley Litigation

On April 18, **2017**, Adam Whatley and Carly Whatley filed suit in the 20th Judicial District Court in West Feliciana Parish, Louisiana, against multiple defendants that were allegedly involved in the renovation of the Whatley family residence in St. Francisville, Louisiana from "late 2012" until "[c]onstruction of the renovation was completed around May 2013." (Whatley Petition, Exhibit "A-2," ¶4, 9).

The suit alleges that the Whatleys discovered the problems giving rise to this suit in February 2017 – nearly three years after the HSIC policy terminated – explaining that "[i]n February 2017, the Whatleys engaged an environmental specialist to examine their residence during which it was discovered that the renovated areas, including, but not limited to, the children's bedrooms, suffer from inadequate ventilation and **were contaminated due to excessive moisture**." (Exhibit A-2, ¶11). The suit further alleges that **"[m]edical testing** has confirmed that the inadequate ventilation and **contamination in the renovated areas**" – i.e., mold – caused "the Whatleys' children [to develop] severe upper respiratory issues, including pneumonia, sinusitis, and inflammatory airway disease." (Exhibit A-2, ¶10-11).

The named defendants include:

- Miley Arch, LLC ("Miley Arch"), the Whatley's architect;

- Wolf Warshauer Construction ("Wolf Warshauer") – the Whatley's general contractor;

- Rebel Heating and Air-Conditioning ("Rebel Heating") – the Whatley's HVAC contractor;

- Ascension Insulation and Supply Inc. ("Ascension")  – a company that the Whatley's alleged to have subcontracted with either Wolf or Rebel to provide insulation work for the renovation

- United Specialty Insurance Company ("United Specialty") – alleged to be the General Liability insurer of Wolf Warshauer. (Exhibit A-2, ¶2).

HSIC was not, and has not, been named as a Defendant in the state court suit.[1]

III.   **Law and Argument**

A.   **The Defendants' Motion to Dismiss, or, in the Alternative, Abstain Should be Denied**

The District Court has wide discretion over whether to exercise jurisdiction in cases, such as this one, brought pursuant to Declaratory Judgment Act.  St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590 (5th Cir.1994).  HSIC submits that the instant type of insurance coverage dispute – which can be decided quickly and efficiently via motion practice, with little to no need for discovery – is precisely the kind of case over which this Court should retain jurisdiction and resolve on the merits.  See Clarendon Am. Ins. Co. v. S. States Plumbing, Inc., 803 F.Supp.2d 544, 548 (W.D. La. 2011) (issuing summary judgment on coverage in favor of the insurer in a declaratory judgment action when the alleged property damages were not discovered until after the expiration of the policy period).

This suit is ripe for summary adjudication now, and declining jurisdiction over this coverage action, and subjecting HSIC to what promises to be lengthy, multi-party construction litigation in state court is neither equitable nor in the interest of judicial efficiency.  The analysis and holding set forth in Clarendon America Insurance Company v. B&S Equipment Company,

---

[1] The Declaratory Judgment Defendants claim that "AIS's insurer" was named in the state court suit – without ever actually addressing whether HSIC is a party to the Whatley Litigation.  This is done in hopes of obfuscating that fact that the Whatley Petition, which was filed in April 2017, only references a placeholder "DEF Insurance Company." (Exhibit A-2, ¶2).  HSIC has not been named in the Whatley suit, and is not a party to that litigation.

Inc., 2007 WL 2711062 (W.D. La.) is instructive. If anything, the instant case is even more appropriate for consideration as a declaratory judgment than B&S and Southern States because HSIC is not a named defendant in the state court suit, and there are already sufficient facts to allow the Court to rule on the merits of the coverage dispute at the conclusion of this round of briefing.

The B&S case addressed facts almost identical to those presented here, and after reviewing the seven Trejo factors, this Court determined the declaratory judgment action should be retained. If one walks through the same Trejo analysis for this case, the same result should occur.

**B.     The pending state action (factor #1)**

The first Trejo factor asks whether the issue presented to the Court in a declaratory judgment action is already being litigated in a pending state court suit. Even if the plaintiff in a declaratory judgment action has been named as a state court defendant, exercising jurisdiction is still appropriate if the other factors favor retaining jurisdiction. See B&S Equipment, 2007 WL 2711062 (W.D. La), at *5; Clarendon Am. Ins. Co. v. S. States Plumbing, Inc., 803 F.Supp.2d 544, 548 (W.D. La. 2011) (granting summary judgment to the insurer on a coverage dispute in a case where the court retained jurisdiction despite the insurer being named as a party in a pending state court action.). When, on the other hand, the declaratory judgment plaintiff has not been named as a party in the state court action – and only seeks a ruling on insurance coverage, not a liability determination regarding the merits of the state court action – this factor strongly favors retaining jurisdiction because "concerns over duplicative litigation and preclusive effect do not exist." Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc., 149 F.3d 371, 373 (5th Cir.1998) (finding that the district court abused its discretion in abstaining in a declaratory

judgment action brought by an insurer when the insurer was "not a party to the state court liability suit . . . and could only bring the insurance issues before the state courts by affirmatively intervening in the pending liability action or commencing a separate, independent declaratory judgment action in state court."); <u>Ironshore Specialty Ins. Co. v. Tractor Supply Co.</u>, 624 Fed.Appx. 159, 166 (5th Cir. 2015) (explaining that, in a federal declaratory judgment action brought by an insurer that is not named as a defendant in the state court action, "the pending state court action does not involve the same parties—Safety National and Ironshore are not parties in that case. Moreover, the state suit does not involve the same legal issues—the scope of Safety National and Ironshore's insurance policies.").

In the instant case, HSIC has not been named as a defendant in the Whatley litigation, and this factor strongly favors retaining jurisdiction.  The Declaratory Judgment Defendants' attempts to avoid this issue, as well as their claim that factor one actually favors declining jurisdiction, illustrate the tenuousness of their position in this matter.

First, the Defendants' claim that factor one favors declining jurisdiction because the issue of coverage "may be fully litigated" in the pending state court action in which HSIC is not a named party – but the Fifth Circuit expressly rejected that approach in <u>Agora Syndicate</u> and its progeny.   Second, the Defendants' repeatedly cite to <u>Republic Fire & Cas. Ins. Co. v. Estate of Jeane</u>, CV 16-00171, 2017 WL 456007, (W.D. La. Feb. 1, 2017), as authority for dismissing this action – but, <u>Republic Fire</u> is inapposite because the Court declined to exercise jurisdiction when the insurer, Republic Fire & Casualty Insurance Company, had not only been named as a defendant in the state court action, but had also "already argued a motion for summary judgment in the state suit on December 12, 2016 regarding the exact issues of coverage, which the court granted in part and dismissed in part."  <u>Republic Fire & Cas. Ins. Co. v. Estate of Jeane</u>, CV 16-

00171, 2017 WL 456007, at *2 (W.D. La. Feb. 1, 2017).  Then, the Defendants' attempt to invoke Princeton Excess & Surplus Lines Ins. Co. v. Mehendi LLC, CIV.A. 13-0955, 2014 WL 782832, at *2 (W.D. La. Feb. 24, 2014) for the proposition that the Court should not exercise jurisdiction – but, again, in that case, Princeton Excess had already been named as a defendant in the state court action when the declaratory judgment defendant filed its motion to dismiss. Id.

HSIC is not a named defendant in the Whatley litigation, and as a result, and in keeping with the Fifth Circuit's ruling in Agora Syndicate, this strongly favors retaining jurisdiction.  As set forth below, the other factors also favor retaining jurisdiction in this case: there is no basis to find that HSIC engaged in any improper forum manipulation; the convenience factors do not favor dismissal; and, the judicial economy factor actually favors maintaining the federal case. Considering all of the relevant factors, HSIC submits that the best exercise of this court's discretion would be to deny the motion to dismiss and proceed toward a resolution on the merits.

C.    **HSIC did not improperly file suit in anticipation of a defendant lawsuit, or engage in improper forum shopping (factors #2 and 3)**

The filing of every lawsuit requires selection of a forum, and federal declaratory judgment suits are almost always filed in anticipation of other litigation (or there would be little need to seek a declaration of rights). See Clarendon America Ins. Co. v. B&S Equipment Co., Inc., 2007 WL 2711062, *6-7 (W.D. La.). Indeed, in most instances, an underlying action is a prerequisite to an insurance declaratory judgment action.  Otherwise, the Declaratory Judgment Defendants would, instead, be claiming that there is no justiciable controversy.

"Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself anticipatory litigation or otherwise abusive 'forum shopping.'" Sherwin-Williams v. Holmes County, 343 F.3d 383, 391 (5th Cir. 2003). Also, "when an out-of-state plaintiff . . . invokes diversity jurisdiction, it is in keeping with the

traditional justification for diversity jurisdiction, which is to protect such foreign defendants." Clarendon America Ins. Co v. B&S Equipment Co., Inc., 2007 WL 2711062 (W.D. La.), citing Sherwin-Williams, 343 F.3d at 399.

Also, the same state law will apply to the issues presented by HSIC whether the issues are resolved in a state court or this court, so there is no suggestion that HSIC brought its action in federal court in search of more favorable law. There is also no suggestion that HSIC is engaged in a "race to res judicata" with the Declaratory Judgment Defendants.

While the Declaratory Judgment Defendants attempt to manufacture controversy by asserting that HSIC was "forum shopping" by bringing this action in this federal court, that allegation is not supported by the record in this case.  HSIC did not go far afield to seek out a favorable jurisdiction, nor did it file in a Court with attenuated connections to the instant insurance coverage dispute.  Instead, HSIC filed this declaratory judgment action in the Western District in light of the following: HSIC's managing general agent resides in Shreveport, Louisiana; the instant insurance policy was approved, underwritten, bound, and issued Shreveport; and, all decisions regarding the handling of this claim – including the decision to deny coverage – were made in Shreveport. (Exhibit A, ¶4-6).

There is clear precedent in this Court both for venue being appropriate, and for rejecting allegations of forum shopping, on these facts.  In, Praetorian Specialty Ins. Co. v. Auguillard Const. Co., Inc., 829 F.Supp.2d 456, 471 (W.D. La. 2010), this Court found that "[t]he Western District of Louisiana is an appropriate venue for the declaratory judgment action at bar because a substantial part of the events giving rise to this insurance coverage dispute occurred in the Western District of Louisiana, specifically in Shreveport, Louisiana."  Id.  Further, in Clarendon Nat. Ins. Co. v. T.M.I. Enterprises, LLC, CIV. A. 07-1637, 2008 WL 3838025, at *5 (W.D. La.

Aug. 14, 2008), another case involving an analogous connection to this forum, this Court explained: "Because of the insurance policy's connection to Shreveport, [the insurer's] selection of the Western District was a logical choice for a forum for this action. There is no evidence of improper or abusive forum shopping." Id.  Thus, there is no basis for a finding that HSIC filed suit in any wrongful anticipation of a state suit or that it engaged in forum shopping.

     **D.**    **There are no inequities in allowing the declaratory judgment action to proceed, and this Court is a convenient forum (factors #4 and 5)**

Trejo factors four and five ask whether possible inequities arise in allowing HSIC to gain precedence in time or to change forums, and whether a federal court is a convenient forum for the parties and witnesses.

The Declaratory Judgment Defendants assert that the matter could be more conveniently litigated in the state action.  In so doing, the Declaratory Judgment Defendants stress that this Court is "located two hundred and twenty miles and a nearly four hour drive" away, argue that "[c]ompelling AIS and the Whatleys to litigate in Shreveport, Louisiana is obviously inconvenient," and also claim that "it is certainly inconvenient to compel witnesses and the parties to litigate in two separate forums."[2]  But, these arguments are red herrings that do not reflect actual practice in this jurisdiction: motion practice regarding coverage determinations rarely requires compelling witnesses or in-person appearance; oral arguments on civil motions are rarely granted; and, filings are done electronically, via PACER.  In reality, these travel and convenience factors militate towards this Court retaining jurisdiction.

---

[2] This Court has also previously given little weight to the argument that the drive from Baton Rouge is a serious impediment in a declaratory action in the Western District.  See Clarendon Nat. Ins. Co. v. T.M.I. Enterprises, LLC, CIV. A. 07-1637, 2008 WL 3838025, at *4 (W.D. La. Aug. 14, 2008) (explaining that "[o]ne may travel between Baton Rouge and Shreveport in less than five hours and without leaving an interstate or four-lane highway. Litigants, attorneys and judges routinely make the trip without undue difficulty. This litigation will likely require few, if any, court appearances. Most similar cases are resolved on summary judgment.").

The merits of the case will likely be resolved one way or the other by summary judgment – and, HSIC's motion for summary judgment is before the Court and will now be briefed in parallel with the abstention issue. See Clarendon v. Coastal Cargo, Inc., 2007 WL 3256616, at *4 (W.D. La.) (explaining this type of coverage litigation requires few, if any, court appearances, and the merits of the case will likely be resolved one way or the other by summary judgment.). The Declaratory Judgment Defendants can conduct the limited motion practice required in this action from the convenience of their offices in Baton Rouge if the Court retains jurisdiction – while, if this Court declines jurisdiction, HSIC's representatives would be the ones actually making the four hour journey highlighted by the Declaratory Judgment Defendants to attend the myriad of depositions that are a hallmark of litigating the merits of multi-party construction claims.[3]

### E.    Retaining the lawsuit would serve the purposes of judicial economy (factor #6)

One of the purposes of the Declaratory Judgment Act is to provide timely resolution of issues and avoid multiple forums.  Judicial economy would clearly be served by the exercise of jurisdiction in this setting.  See Canal Ins. Co. v. Smith, 208 F.3d 1006 (5th Cir. 2000) (finding that a federal court resolving a declaratory coverage action during the pendency of a state court liability action "enhance[ed] judicial economy by potentially reducing the number of issues the state court might have to address.").

---

[3] As mentioned previously, HSIC also submits that the merits of the coverage determination are already ripe for summary judgment, and is filing a Motion for Summary Judgment contemporaneously with this opposition.  The Declaratory Judgment Defendants' expressed concerns appear to be predicated on having to engage in prolonged litigation in this forum – and have little applicability if this Court finds that summary judgment is appropriate at this time.

The underlying Whatley litigation was filed in April 2017.  As of this writing, the parties have not even begun to conduct deposition discovery – and no trial date has been requested. Given the number of parties, the discovery-intensive nature of resolving the merits of multi-party construction litigation cases, the fact that depositions have not even begun, and the absence of a trial date, final resolution of the state court suit could push into late 2019, 2020, or even beyond.

The purposes of the Declaratory Judgment Act clearly would be advanced with the exercise of jurisdiction to hear the dispute.

**F.      This Court is not being called on to construe a judicial decree (factor #7)**

This factor is not applicable, and thus does not favor abstention.

## IV.      <u>Conclusion</u>

HSIC's declaratory coverage action can be decided quickly and efficiently via motion practice in this Court, HSIC is not a named party in the Whatley Litigation, and the <u>Trejo</u> factors favor retaining jurisdiction.

WHEREFORE, Houston Specialty Insurance Company prays that this Court retain jurisdiction, and that the Motion to Dismiss or Alternatively, Motion to Abstain filed by Ascension Insulation and Supply, Inc., and adopted by Adam Whatley and Carly Whatley, be denied.

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.
400 Texas Street, Suite 400 (71101)
P.O. Box 1786
Shreveport, Louisiana 71166-1786
(318) 221-1800//(318) 226-0390 (fax)
darmand@padwbc.com (e-mail)
zwilkes@padwbc.com (e-mail)


BY:   //es//  *Zachary A. Wilkes*
        DONALD ARMAND, JR. (#17444), TA
        ZACHARY A. WILKES (#36730)
ATTORNEYS   FOR   HOUSTON   SPECIALTY
INSURANCE COMPANY



**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 1st  day of February, 2018, a copy of the above and

foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of

this filing will be sent to all counsel of record by operation of the court's electronic filing system.


        /es/*Zachary A. Wilkes*
        OF COUNSEL

16