UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HOUSTON SPECIALTY INSURANCE COMPANY | CIVIL ACTION NO: 5:17-CV-1010 |
| VERSUS | JUDGE: TERRY A. DOUGHTY |
| ASCENSION INSULATION AND SUPPLY, INC., ET AL | MAGISTRATE: MARK L. HORNSBY |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF HOUSTON SPECIALTY INSURANCE COMPANY**

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.
400 Texas Street, Suite 400 (71101)
P.O. Box 1786
Shreveport, Louisiana 71166-1786
(318) 221-1800//(318) 226-0390 (fax)
darmand@padwbc.com (e-mail)
zwilkes@padwbc.com (e-mail)

BY:   //es//  *Donald Armand, Jr.*
      DONALD ARMAND, JR. (#17444), TA
      ZACHARY A. WILKES (#36730)
ATTORNEYS FOR HOUSTON SPECIALTY INSURANCE COMPANY

# TABLE OF CONTENTS

| | | |
|---|---|---:|
| TABLE OF CONTENTS | | 2 |
| TABLE OF AUTHORITIES | | 3 |
| INTRODUCTION | | 5 |
| I. | The Defendants' arguments concerning duty to defend and the eight corners rule are misplaced. HSIC is already defending Ascension and has now proven that there is no possibility of coverage under the policy for the Whatley claims | 5 |
| II. | The evidence in the record forecloses the possibility of coverage under the HSIC Policy | 7 |
| | A. The record now establishes that there is no possibility of coverage for the Whatleys' property damage claims under the HSIC policy | 8 |
| | B. On the record before the Court, there is no possibility of coverage under the HSIC policy for the Whatley bodily injury claims | 10 |
| |     i. The Court can consider all evidence, including the LeGrange report | 11 |
| |     ii. Under the undisputed facts, there is no possibility of coverage under the policy for the Whatley BI claims | 12 |
| III. | Houston Specialty's Motion for Summary Judgment is Ripe for Adjudication | 14 |
| | A. HSIC's Motion addresses both the Duty to Defend and the Duty to Indemnify | 15 |
| | B. The Declaratory Judgment Defendants' assertions regarding ongoing discovery are not properly before this Court and lack merit | 17 |
| IV. | Conclusion | 18 |
| CERTIFICATE OF SERVICE | | 19 |

# TABLE OF AUTHORITIES

**CASES**

| Case | Page |
|---|---|
| Allstate Ins. Co. v. Roy, 94-1072 (La.App. 1 Cir. 4/7/95, 8–9), 653 So.2d 1327, 1333, writ denied, 95-1121 (La. 6/16/95), 655 So.2d 339, and writ not considered, 95-1215 (La. 6/16/95), 655 So.2d 339 | 7 |
| Am. States Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir.1998) | 15 |
| American Home Assur. Co. v. Czarniecki, 255 La. 251, 230 So. 2d 253, 259 (1969) | 5 |
| Atain Specialty Ins. Co. v. VIG II, LLC, CV 15-6499, 2017 WL 3867672, at *8 (E.D. La. Feb. 9, 2017) | 15 |
| Audubon Trace Condo. Ass'n, Inc. v. BrignacDerbes, Inc., 924 So.2d 1131, 1133, (La .Ct.App. 2006) | 10 |
| Clarendon Am. Ins. Co. v. S. States Plumbing, Inc., 803 F.Supp.2d 544, 548 (W.D. La. 2011) | 10, 12 |
| Clarendon America Ins. Co. v. Bayou Fleet Service, Inc., 2008 WL 4758668, (W.D. La. 2008) | 17 |
| Clarendon America Ins. Co. v. CM General Contractors, Inc., supra | 12 |
| Cole v. Celotex Corporation, 599 So. 2d 1058 (La. 1992) | 14 |
| Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498–99 (5th Cir.2000) | 12 |
| Cont'l Holdings, Inc. v. Liberty Mut. Ins. Co., 443 Fed. Appx. 1, 4 (5th Cir.2011) | 16 |
| Coregis Ins. Co. v. Sch. Bd. of Allen Parish, No. 07-30844, 2008 WL 2325632, at *2 (5th Cir. June 6, 2008) | 16 |
| Houston Specialty Ins. Co. v. Chesapeake Operating, LLC, 5:15-CV-47, 2017 WL 4322828, at *6 (W.D. La. Sept. 27, 2017) (Foote, J.) | 16 |
| Korossy v. Sunrise Homes, Inc., 653 So.2d 1215, (La. App. 5 Cir. 3/15/95) | 10 |
| LCS Corr. Servs., Inc. v. Lexington Ins. Co., 800 F.3d 664, 669 (5th Cir. 2015) | 15 |
| Leza v. City of Laredo, 496 Fed.Appx. 375, 378 (5th Cir.2012) | 17 |
| Liberty Mut. Ins. Co. v. Jotun Paints, Inc., 555 F.Supp.2d 686, 697 (E.D.La. 2008) | 10 |
| Maldonado v. Kiewit Louisiana Co., 20130756 (La. App. 1 Cir. 3/24/14); 146 So.3d 210, 219 | 7 |
| Mangerchine v. Reaves, 2010-1052 (La. App. 1 Cir. 3/25/11, 21), 63 So.3d 1049, 1062 | 10 |
| Mark v. Sunshine Plaza, Inc., CV 16-455, 2016 WL 6876645, at *5 (E.D. La. Nov. 22, 2016) | 15 |
| Menard v. LLOG Expl. Co., LLC, 259 F.Supp.3d 475, 479 (E.D. La.2017) | 17 |
| Oceonics, Inc. v. Petroleum Distributing Co., 292 So.2d 190 (La.1974) | 10 |
| Orleans Par. Sch. Bd. v. Scheyd, Inc., 95-2653 (La. App. 4 Cir. 4/24/96, 6), 673 So.2d 274, 278 | 11 |
| Oxner v. Montgomery, 794 So.2d 86, 92 (La. App. 2d Cir.2001) | 10 |
| Praetorian Specialty Insurance Co. v. State Farm Fire and Casualty, 2009 WL 2956826 (W.D.La. 2009) | 17 |
| Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010) | 18 |
| Scottsdale Ins. Co. v. TL Spreader, LLC, 6:15CV2664, 2017 WL 4779575, at *8 (W.D. La. Oct. 20, 2017) | 10 |
| Stanley v. Trinchard, CIV.A. 02-1235, 2008 WL 2185433, at *9 (E.D. La. May 27, | 6, 7 |

3

| | |
|---|---|
| 2008) | |
| Steptore v. Masco Const. Co., Inc., 643 So. 2d 1213 (La. 1994) | 5 |
| U.S. Fire Ins. Co. v. A-Port, LLC, 2015 WL 1416490, at *2 (E.D. La. Mar. 26, 2015) | 14 |
| Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir.1993) | 12 |

**STATUTES**

| | |
|---|---|
| Fed. R. Civ. Pro. 56(d) | 8, 15 |

**OTHER TREATISES**

| | |
|---|---|
| McKenzie, Johnson, 15 La. Civ. L. Treatise, Insurance Law & Practice § 6:5 (4th ed.) | 9, 14 |

MAY IT PLEASE THE COURT:

In its Motion for Summary Judgment, Houston Specialty Insurance Company ("HSIC") offered: 1) evidence to prove the substance of and facts related to the claims asserted by Adam and Carly Whatley against Ascension Insulation and Supply, and 2) law and argument to establish that, under those facts, there is no possibility of coverage under the HSIC policy for the Whatley claims. In their oppositions, the defendants have not disputed the veracity of HSIC's evidence nor offered any contradictory evidence. Therefore, the material facts established by HSIC's evidence are undisputed. As discussed in detail below, the legal arguments made by defendants are unsupported by, and in some instances, contradicted by established law. Based on the undisputed facts, HSIC is entitled to summary judgment as a matter of law.

**I.     The Defendants' arguments concerning duty to defend and the eight corners rule are misplaced. HSIC is already defending Ascension and has now proven that there is no possibility of coverage under the policy for the Whatley claims.**

Both defendants (including the Whatleys, who have no standing on the issue) spend a significant portion of their opposition memoranda arguing that HSIC has a duty to defend Ascension in the Whatley suit. Their arguments rely exclusively on cases applying the "eight corners" rule – the rule that insurer's duty to defend is evaluated by comparison of the four corners of the suit petition to the four corners of the policy. The duty to defend arises at the outset if the suit petition states facts under which there is even *a possibility* of coverage under the policy. American Home Assur. Co. v. Czarniecki, 255 La. 251, 230 So. 2d 253, 259 (1969); Steptore v. Masco Const. Co., Inc., 643 So. 2d 1213 (La. 1994).

But the Defendants attempt to take the eight corners rule to an absurd extreme – they argue, expressly and by implication, that the rule applies in perpetuity and permanently prohibits courts from considering evidence offered by insurers to establish that there is no possibility of

coverage. For this case, they argue that the rule prohibits this Court from considering the undisputed evidence offered by HSIC in its Motion. That argument is not supported by Louisiana law - while the eight-corners rule applies to the duty to defend at the outset of a case, an insurer's duty to defend terminates when the insurer can establish undisputed facts precluding the possibility of coverage under the policy. Stanley v. Trinchard, CIV.A. 02-1235, 2008 WL 2185433, at *9 (E.D. La. May 27, 2008) ("However, an insurer's duty to defend exists **until the insurer can establish by undisputed facts that the insured's conduct is not covered.**") (emphasis added); Allstate Ins. Co. v. Roy, 94-1072 (La.App. 1 Cir. 4/7/95, 8–9), 653 So.2d 1327, 1333, writ denied, 95-1121 (La. 6/16/95), 655 So.2d 339, and writ not considered, 95-1215 (La. 6/16/95), 655 So.2d 339 (considering extrinsic evidence regarding a continuing duty to defend, and finding that "the duty . . . to defend . . . terminated once Roy established through his deposition testimony the undisputed facts as to the date of installation and the date of the fire."); Maldonado v. Kiewit Louisiana Co., 20130756 (La. App. 1 Cir. 3/24/14); 146 So.3d 210, 219 ("When uncontroverted facts preclude the possibility of a duty to indemnify, the duty to defend ceases and the duty to indemnify is negated.").

The eight corners rule has no application to this Motion. The affidavit of Lynda McCallon offered by HSIC in support of its motion for summary judgment establishes that HSIC agreed to and is already defending Ascension under a reservation of rights to deny coverage. Rec. Doc. 22-3. In fact, the same law firm that is opposing HSIC's coverage defense in this case is being paid by HSIC to defend the underlying action.

HSIC, after initially providing a defense, is now entitled to offer evidence to prove that uncontroverted facts preclude the possibility of coverage, eliminating the duty of the insurer to indemnify, and terminating the duty to defend. Its duty to defend only existed until it could

establish by undisputed facts that the insured's conduct is not covered. Stanley v. Trinchard, CIV.A. 02-1235, 2008 WL 2185433, at *9 (E.D. La. May 27, 2008); Maldonado v. Kiewit Louisiana Co., 20130756 (La.App. 1 Cir. 3/24/14); 146 So.3d 210, 219; Allstate Ins. Co. v. Roy, 94–1072 (La. App. 1 Cir. 4/7/95); 653 So.2d 1327, 1333.

HSIC has now done just that by offering undisputed evidence that establishes that there is no possibility of coverage under the policy for the Whatley claims – and that evidence is properly before this Court.

**II.   The evidence in the record forecloses the possibility of coverage under the HSIC Policy.**

In its Motion for Summary Judgment, HSIC submitted a detailed statement of material facts, and the following evidence:

EXHIBIT A:   Affidavit of Lynda Daugherty McCallon

| | |
|---|---|
| EXHIBIT A-1: | True and accurate copy of the Houston Specialty policy, number HSLR18-00302-02; |
| EXHIBIT A-2: | True and correct copy of the *Whatley* suit petition; |
| EXHIBIT A-3: | True and correct copy of the LaGrange consulting report referenced in the *Whatley* suit petition; |
| EXHIBIT A-4: | True and correct copy of the Reservation of Rights letter sent to Ascension. |

In their respective Oppositions, the Declaratory Judgment Defendants **do not contest the authenticity or validity of the HSIC exhibits.**[1] The Defendants offered only two items of evidence in their oppositions:

| | |
|---|---|
| WHATLEY EXHIBIT: | A copy of the 2018 Scheduling Order in the State Court Litigation |

---

[1] As addressed in detail, *supra*, the Declaratory Judgment Defendants do contest the propriety of the Court considering the LaGrange Report under the eight-corners rule.

7

ASCENSION EXHIBIT:    Affidavit of Ronald Cardinal Jr.

Neither of these exhibits creates any issue of material fact as to whether there is any possibility of coverage under the HSIC policy. The Whatley Exhibit establishes that there is a scheduling order in the state court suit – but otherwise contains no information relating to any of the coverage matters before this Court. The Ascension Exhibit contains a declaration that Ascension has never had any contractual relationship with Adam and/or Carly Whatley.[2] That exhibit may be relevant on the issue of the contractual liability exclusion, but is not material to any of the other coverage defenses established in HSIC's motion.

Thus, in the absence counter-evidence, and the lack of material facts in evidence submitted by the Declaratory Judgment Defendants, the question before the Court is whether, based on the evidence it submitted to the Court, HSIC is entitled to summary judgment pursuant to Rule 56.

A. <u>The record now establishes that there is no possibility of coverage for the Whatleys' property damage claims under the HSIC policy.</u>

HSIC submitted evidence showing that its insurance policy was in effect from April 9, 2013 to April 9, 2014,[3] and that the Whatleys' Petition did not allege that any property damage was discovered prior to 2017.[4] **Both defendants concede in their respective Memoranda in Opposition that the property damage at issue did not manifest until 2017.[5]**

Defendants' only argument concerning property damage coverage is that summary judgment is not appropriate because the "manifestation" theory should not apply to the property damage claims. That argument is contradicted by the applicable law.

---

[2] Rec. Doc. 36-1.
[3] Rec. Doc. 22-4.
[4] Rec. Doc. 22-5.
[5] Rec. Doc. 36, p. 9; Rec. Doc. 33, p. 5.

The overwhelming majority of Louisiana cases and multiple previous decisions of this Court have concurred that the manifestation theory applies to determine the date of "occurences" in property damage claims, and, consequently, under which policy period coverage is "triggered." Clarendon Am. Ins. Co. v. S. States Plumbing, Inc., 803 F.Supp.2d 544, 548 (W.D. La. 2011) (wherein this Court held that "Louisiana courts apply the 'manifestation theory' to determine when property damage occurs."); Scottsdale Ins. Co. v. TL Spreader, LLC, 6:15CV2664, 2017 WL 4779575, at *8 (W.D. La. Oct. 20, 2017) (applying the manifestation theory, and explaining that "[w]hile the Louisiana Supreme Court has not specifically adopted either theory in the context of commercial general liability policies, the clear weight of authority in more recent cases adopts the manifestation theory."); Oxner v. Montgomery, 794 So.2d 86, 92 (La. App. 2d Cir.2001) (finding that, as a matter of law, the commercial general liability policy issued to a contractor for the period of time during which construction occurred on a home did not provide coverage for damage first discovered after the term of the insurance policy); and Liberty Mut. Ins. Co. v. Jotun Paints, Inc., 555 F.Supp.2d 686, 697 (E.D.La. 2008); Oceonics, Inc. v. Petroleum Distributing Co., 292 So.2d 190 (La.1974); Korossy v. Sunrise Homes, Inc., 653 So.2d 1215, (La. App. 5 Cir. 3/15/95); Audubon Trace Condo. Ass'n, Inc. v. BrignacDerbes, Inc., 924 So.2d 1131, 1133, (La .Ct.App. 2006);; McKenzie, Johnson, 15 La. Civ. L. Treatise, Insurance Law & Practice § 6:5 (4th ed.).

Neither of the two cases cited by Ascension supports the argument that Louisiana does not apply the manifestation rule**.  In fact, the court in the first case**, *Mangerchine v. Reaves*, **2010-1052 (La. App. 1 Cir. 3/25/11, 21), 63 So.3d 1049, 1062, applied the manifestation rule.** The Court stated, in dicta, that, under the language of a first-party property policy, resolution of ambiguity in the definition of "occurs" should be resolved in favor of the insured. But, after

surveying Louisiana precedent, the Court held that "the manifestation theory was applicable under the specific policy language and the type of coverage involved here." *Id at* 1060. The court in the second case, Orleans Par. Sch. Bd. v. Scheyd, Inc., 95-2653 (La. App. 4 Cir. 4/24/96, 6), 673 So.2d 274, 278, refused to grant an insurer's MSJ on the duty to defend, but did not disavow or refuse to apply the manifestation rule. In fact: 1) the court specifically did not reach the issue: ". . . in the limited context of this case it is not necessary that we issue a definitive ruling on the 'manifestation' versus 'occurrence' arguments," and 2) admitted in dicta that "manifestation can be a viable rule when there is no credible proof when the damage actually occurs. " Id at 278.

Thus, neither of the decisions cited by defendants contradicts the conclusion repeatedly reached by this Court and all other Louisiana courts - the manifestation rule applies to determine the date of any "occurrence" and, consequently, resolves the issue of which policy period in which coverage is "triggered."

The defendants have conceded that all of the Whatleys' alleged property damage manifested in 2017, far outside the coverage period of the HSIC policy. There is no possibility of coverage for the *Whatley* property damage claims under the HSIC policy. Thus, on the record before the Court, HSIC is entitled to summary judgment declaring that the Whatley property damage claims are not covered under the policy.

B. The HSIC work-product exclusions would apply if property damage coverage had been triggered.

Because the defendants have conceded that no property damage is alleged to trigger coverage for "property damage" under the HSIC policy, it is not necessary for the Court to reach

the issue of the applicability of the "work product" exclusions in the policy - because no property damage coverage is triggered, the exclusion of certain categories of property damage is mooted.

However, if the Court reaches the issue, the Whatleys' arguments against application of the exclusions are without merit. Their argument on this issue is summarized in the concluding sentence of that section of the opposition:

> "Based upon the allegations of the Petition which must be liberally construed, HSIC cannot show that all of the Whatleys' damages unambiguously fall within the exclusions." (Whatley Opp., Rec. p. 753)

That argument misunderstands the applicable law and HSIC's argument on the issue. First, as discussed above, the argument assumes that the Court is bound by the eight corners rule, which is incorrect. Second, HSIC did not argue that "all of the Whatleys' damages claims" fall within the work product exclusions - HSIC simply argued that **some** of the Whatleys' claims are clearly for damage to Ascension's work and products and therefore would be excluded:

> The *Whatley* suit alleges Ascension's negligent work required them to pay different consultants and contractors "to remedy the work" performed by Ascension. They claim damages for the cost to evaluate and perform "remediation" of Ascension's work. (Petition, par. 13, 16). **Those allegations are claims for property damage to Ascension's product and work that are unambiguously excluded from coverage by the work product exclusions.** (HSIC Memo in Support of MSJ, Doc. 22-2, Rec. p. 501 – emphasis added)

The Whatleys' opposition offered no evidence or argument to rebut that conclusion. Therefore, if the Whatleys had alleged or proven any property damage occurring during the HSIC policy period, the damage to Ascension's work and products would be excluded. See authorities cited in original HSIC Memorandum (Doc. 22-2, Rec. p. 499-501).

C. <u>On the record before the Court, there is no possibility of coverage under the HSIC policy for the Whatley bodily injury claims.</u>

   i.  The Court can consider all evidence, including the LeGrange report.

11

Consistent with their misplaced "eight corners" arguments discussed above, the defendants argue that the Court cannot consider the LeGrange report. Again, that argument is incorrect. Even if the eight corners rule were applicable to this situation, however, the Court could and should still consider the LaGrange report. The Whatleys referred to the report in ¶12 of their Petition, and it is central to their claims against Ascension. Under applicable Fifth Circuit jurisprudence, such documents are deemed to be "part of the pleadings" (i.e., within the four corners of the Petition), and can be properly considered by the trial court. <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498–99 (5th Cir.2000) (explaining that, in the context of a 12(b)(6) motion to dismiss. "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.") (citing <u>Venture Assocs. Corp. v. Zenith Data Sys. Corp.</u>, 987 F.2d 429, 431 (7th Cir.1993)).

However, as discussed above, the Court is not limited to consideration of pleadings at this stage of the suit - HSIC has offered evidence, including the LeGrange report, to prove the facts and substance of the Whatley's claims. The defendants have not offered any contradictory evidence. Therefore, HSIC's Motion should be decided on the undisputed facts established by HSIC's evidence.

    ii.    Under the undisputed facts, there is no possibility of coverage under the policy for the Whatley BI claims

In the suit, the Whatleys also allege that their children experienced "severe upper respiratory issues, including pneumonia sinusitis, and inflammatory airway disease"[6] due to an

---

[6] Rec. Doc. 22-5, ¶10.

"oversized"[7] HVAC unit and "improper installation of the air sealing" which resulted in the children's bedrooms being "contaminated due to excessive moisture."[8] The Whatleys allege that the children began experiencing the aforementioned problems "[w]ithin the last few months."[9] The Whatleys also allege that construction that construction "was completed around May 2013," "[t]hereafter, the Whatleys' son . . . began occupying the renovated area," and that their daughter "who was born shortly after the renovation was completed, began occupying the renovated area more recently." The Whatleys "engaged LaGrange Consulting, LLC."[10] LaGrange concluded that the cause of the contamination and alleged health problems of the children was mold resulting from the alleged construction defects.[11]

The Whatleys' only allegations of bodily injury are their artfully pled claims of "contaminat[ion] due to excessive moisture," which their own report admits are actually just mold contamination claims. Further, the Whatleys, despite having an opportunity to do so, presented no competent summary judgment evidence whatsoever to support any reading of the "contamination" allegations as anything other than mold claims. In short, the Whatleys' only basis for asserting bodily injury claims arises from alleged mold contamination. This falls within the HSIC policy contains an endorsement entitled "Fungi or Bacteria Exclusion," which excludes coverage for the following:

    a.    "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, or exposure to, existence of, or presence of, any "fungi" or "bacteria" on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

---

[7] Rec. Doc. 22-5, ¶12.
[8] Rec. Doc. 22-5, ¶11.
[9] Rec. Doc. 22-5, ¶10.
[10] Rec. Doc. 22-5, ¶12.
[11] Rec. Doc. 22-6.

    b.    Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, or disposing of, or in any way responding to, or assessing the effects of, "fungi" or "bacteria", by any insured or by any other person or entity.

Thus, the HSIC mold exclusion clearly precludes the possibility of coverage for the Whatleys' contamination claims.

Further, even if the bodily injury claims did not fall within the mold exclusion – which they clearly do – the Whatleys also fail to allege any specific date of exposure sufficient to trigger coverage under the HSIC policy.[12]

### III. Houston Specialty's Motion for Summary Judgment is Ripe for Adjudication

HSIC's motion for summary judgment seeks a declaration that no coverage is available under policy HSIC issued to Ascension Insulation and Supply – and that, as a result, HSIC has neither a duty to defend nor a duty to indemnify Ascension for the claims brought by Adam Whatley and Carly Whatley. The Declaratory Judgment Defendants, rather than introducing any competent summary judgment evidence supporting even a possibility of coverage for the Whatleys claims, instead allege the indemnification prong of HSIC's claim does not present a justiciable controversy, and that the adjudication thereof should be delayed indefinitely pending a trial on the merits of the Whatley state court suit. In support of their argument, the Declaratory Judgment Defendants cite to cases, including U.S. Fire Ins. Co. v. A-Port, LLC, 2015 WL 1416490, at *2 (E.D. La. Mar. 26, 2015), for the proposition that: "[T]he duty-to-indemnify issue

---

[12] As discussed in HSIC's motion for summary judgment, in cases of alleged "long-tail" injuries such as this claim for mold exposure, Louisiana courts apply the "exposure theory" to determine the date of the "occurrence." Coverage is triggered on the policy by the mere exposure to the alleged harmful conditions during the policy period. Damage is apportioned among all insurers that provided coverage during the exposure period, *pro rata,* based on each insurer's time on the risk. Cole v. Celotex Corporation, 599 So. 2d 1058 (La. 1992); McKenzie, Johnson, supra, § 6:6. However, Plaintiff must still plead sufficient facts, and, in turn, produce competent evidence, to establish "exposure" during the policy for purposing of establishing coverage for the bodily injury claims.

is 'premature and non-justiciable' until 'the underlying issue of liability is resolved and the defendant is cast in judgment." Id.  Further, without moving for additional time for discovery pursuant to Fed. R. Civ. Pro. 56(d), or submitting an affidavit or declaration articulating the additional facts needed to oppose summary judgment, the Declaratory Judgment Defendants also cite to "ongoing discovery" as grounds for denying summary judgment herein.  As shown below, however, the instant case, is ripe for judicial review because it involves a determination of both the duty to defend and duty to indemnify, and because the material facts are not in dispute.

      A. HSIC's Motion Addresses Both the Duty to Defend and the Duty to Indemnify

The Declaratory Judgment Defendants' argument that the duty indemnify issue is no-justiciable does not apply to the instant case, which involves a Motion for Summary Judgment addressing both the duty to defend and the duty to indemnify.  While HSIC acknowledges that there is a general rule that, in many cases, indemnification is not justiciable prior to a determination on liability, there appear to be at least two exceptions – both of which apply in the instant case.  The first "exception to this general rule is that the duty to indemnify is justiciable before the insurer's liability is determined if 'the insurer has no duty to defend and the same reasons that negate the duty to defend will likewise negate any possibility the insurer will ever have a duty to indemnify.'" Mark v. Sunshine Plaza, Inc., CV 16-455, 2016 WL 6876645, at *5 (E.D. La. Nov. 22, 2016); Atain Specialty Ins. Co. v. VIG II, LLC, CV 15-6499, 2017 WL 3867672, at *8 (E.D. La. Feb. 9, 2017); LCS Corr. Servs., Inc. v. Lexington Ins. Co., 800 F.3d 664, 669 (5th Cir. 2015) (applying both Texas and Louisiana law because the court "discern[ed] no substantive differences in the relevant insurance laws of the two states."); Am. States Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir.1998) ("An actual controversy may exist when an

15

insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify . . . [t]he district court thus had jurisdiction to rule on the duty to indemnify despite the fact that the underlying state court suit had not yet reached final judgment.").[13] This exception clearly applies here HSIC is actively incurring the cost of a defense in the state court action (i.e., experiencing a tangible harm in the form of mounting defense costs), and seeks a declaration that the Whatleys' Petition, the HSIC policy, and the undisputed facts of this case preclude both a duty to defend and a duty to indemnify Ascension.

The second exception to the general rule appears to be related to the first exception, and arises where the undisputed material facts of a case clearly preclude any possibility of recover. On this posture, courts routinely grant summary judgments on the matter of coverage – and do not require insurers to proceed through trial when no party can come forward with any competent summary judgment evidence establishing the possibility of recovery under the policy. See, e.g., Cont'l Holdings, Inc. v. Liberty Mut. Ins. Co., 443 Fed. Appx. 1, 4 (5th Cir.2011) (granting summary judgment on the issue of insurance coverage, and explaining that "a court is not limited to the eight corners in reviewing a duty to indemnify claim . . . this conclusion is not rendered inapplicable because a final determination on the underlying liability suit is still

---

[13] While the clear weight of precedent holds that suits seeking a declaration on both defense and indemnification present justiciable controversies as to both the duty to defend and the duty to indemnify, in the interest of candor, HSIC acknowledges that this Court reached a contrary conclusion in Houston Specialty Ins. Co. v. Chesapeake Operating, LLC, 5:15-CV-47, 2017 WL 4322828, at *6 (W.D. La. Sept. 27, 2017) (Foote, J.), in which the Court granted summary judgment on the duty to defend, but found that "any claims regarding the duty to indemnify are not yet ripe." In so doing, the Court cited to Coregis Ins. Co. v. Sch. Bd. of Allen Parish, No. 07-30844, 2008 WL 2325632, at *2 (5th Cir. June 6, 2008) for the proposition "that Louisiana law appears to provide that the duty to indemnify issue is not ripe until the underlying lawsuit is completed." Id. With respect to this Court, however, the Cheseapeake Operating decision was not only in tension with the clear weight of precedent regarding suits involving both the duty to indemnify and the duty to defend, but also a misapplication of the Fifth Circuit's Coregis decision, which found "that **after the district court concludes that the insurer has a duty to defend,** the indemnity issue is nonjusticiable pending resolution of the liability suit." Coregis Ins. Co. v. Sch. Bd. of Allen Par., 07-30844, 2008 WL 2325632, at *2 (5th Cir. June 6, 2008) (emphasis added). The Coregis Court further explained, in Footnote 4, "the duty-to-indemnify question [is] justiciable after the underlying suit is included, **unless 'the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify."** Id. at Fn. 4 (internal citations omitted) (emphasis added).

pending in state court."); Clarendon America Ins. Co. v. CM General Contractors, Inc., supra; Praetorian Specialty Insurance Co. v. State Farm Fire and Casualty, 2009 WL 2956826 (W.D.La. 2009); Clarendon America Ins. Co. v. Bayou Fleet Service, Inc., 2008 WL 4758668, (W.D. La. 2008); Clarendon America Ins. Co. v. Southern States Plumbing, Inc., supra; and Praetorian Specialty Insurance Co. v. State Farm Fire and Casualty, 2009 WL 2956826 (W.D.La. 2009).

In the instant case, there is an actual controversy regarding the duty to defend, and the Declaratory Judgment Defendants do not dispute the facts material to HSIC's motion for summary judgment. As a result, there is a justiciable controversy that is sufficiently ripe for adjudication, and this Court should not delay ruling on the issues of defense and indemnification for years while the Whatley suit proceeds in state court.

    B.  The Declaratory Judgment Defendants' Assertions Regarding Ongoing Discovery are not Properly Before This Court and Lack Merit

In a further effort to forestall adjudication of HSIC's coverage claims, the Declaratory Judgment Defendants also broadly allege that summary judgment is not yet appropriate because "discovery is ongoing."[14] However, neither of the Declaratory Judgment Defendants filed either a Rule 56(d) motion requesting additional discovery or an "affidavit or declaration that, for specified reason [they] canot present essential facts to justify [their] opposition." See Fed. R. Civ. Pro. 56(d). The submission of a request under Rule 56(d), along with the specific list of facts and the supporting affidavit or declaration referenced in the rule, is a mandatory requirement for having a ruling on summary judgment deferred to allow for additional discovery. See Leza v. City of Laredo, 496 Fed.Appx. 375, 378 (5th Cir.2012) (affirming the denial of a Rule 56 motion that failed to contain a supporting affidavit or declaration). "[T]he party seeking

---

[14] Rec. Doc. 36, p. 27; Rec. Doc. 33, p. 21.

a continuance 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" Menard v. LLOG Expl. Co., LLC, 259 F.Supp.3d 475, 479 (E.D. La.2017) (citing Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010)). In the absence of a Rule 56(d) motion, specifically identified facts that would affect the outcome of the instant motion, and a supporting affidavit or declaration to verify those specified facts, the Declaratory Judgment Defendants' broad allegation that discovery is ongoing is not properly before this Court, and is not a valid basis for deferring consideration of HSIC's motion for summary judgment.

### IV. Conclusion

The facts material to this motion remain undisputed, and the coverage issues presented are simple and straightforward. All damages alleged in the Whatley suit fall outside the HSIC policy period. Further, even if the suit alleged or involved damages within the policy period, any such claims are excluded by HSIC's policy exclusions. Thus, HSIC is entitled to summary judgment as a matter of law. The Court should grant this motion and issue a summary judgment declaring that the HSIC policy provides no coverage or defense for the Whatley claims and suit.

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.
400 Texas Street, Suite 400 (71101)
P.O. Box 1786
Shreveport, Louisiana 71166-1786
(318) 221-1800//(318) 226-0390 (fax)
darmand@padwbc.com (e-mail)
zwilkes@padwbc.com (e-mail)

BY: __//es// *Donald Armand, Jr.*__

                              DONALD ARMAND, JR. (#17444), TA
                              ZACHARY A. WILKES (#36730)
                              ATTORNEYS FOR HOUSTON SPECIALTY INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the ___10th___ day of April, 2018, a copy of the above and foregoing Motion for Summary Judgment was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

                                        /es/*Donald Armand, Jr.*
                                        OF COUNSEL