UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HOUSTON SPECIALTY INSURANCE COMPANY | * | CIVIL ACTION NO: 5:17-cv-01010-TAD-MLH |
| | * | |
| VS. | * | JUDGE: TERRY A. DOUGHTY |
| | * | |
| ASCENSION INSULATION AND SUPPLY, INC., ADAM WHATLEY AND CARLY WHATLEY | * | MAG. JUDGE: MARK L. HORNSBY |

ASCENSION INSULATION AND SUPPLY, INC.'S, REPLY MEMORANDUM IN
SUPPORT OF MOTION TO STRIKE REC. DOC. 22-6, EX. A-3
OF HOUSTON SPECIALTY INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

In Houston Specialty Insurance Company's, ("HSIC") memorandum in opposition to Ascension Insulation & Supply, Inc.'s ("AIS") Motion to Strike, HSIC **incorrectly** claims that AIS was granted "three" extensions to file opposition to HSIC'S Motion for Summary Judgment. By merely looking at the record of this matter, HSIC could determine that AIS was granted only two extensions, (Doc. 27 and Doc. 32) to file opposition to HSIC's Motion for Summary Judgment. HSIC has likewise been granted extensions in this matter. HSIC was granted two extensions, (Doc. 18 and Doc. 20) to file opposition to AIS's Motion to Dismiss and an extension to file a reply memorandum in support of its Motion for Summary Judgment, (Doc. 35).[1]

HSIC also claims that AIS did not include any objection to HSIC's Exhibit A-3 in its memorandum in opposition to HSIC's MSJ filed on March 27, 2018, (Doc. 36). HSIC even

---

[1] AIS has no issue with HSIC's extensions and only addressed the issue here because HSIC seemed to believe it relevant in its opposition memorandum and because HSIC incorrectly stated the number of extensions of time that AIS had been granted

1

highlighted this sentence in its memorandum in opposition to AIS's Motion to Strike. However, HSIC is once again incorrect in its assertion. AIS specifically states in opposition, (Doc. 36) to HSIC's MSJ that the LaGrange report cannot be considered in determining whether HSIC has a duty to defend AIS, its insured, in the underlying Louisiana state court litigation, as the report does not fall within the four corners of either the Petition or the insurance policy, the "eight corners" rule. (Doc. 36, Rec. p. 789 & 790) **In its reply memorandum in support of its MSJ (Doc. 37) HSIC even states, "…the defendants argue that the Court cannot consider the LeGrange report" (Rec. p. 819).** Therefore, HSIC's current claim that AIS did not object to HSIC's (Exhibit A-3, Doc. 22-6) is specious at best.[2]

In its opposition to AIS's Motion to Strike, HSIC further asserts that a Motion to Strike is not the proper procedural motion to object to (Exhibit A-3, Doc. 22-6), and in support of this argument HSIC cites a decision from the Western District of Tennessee. As previously stated, AIS objected to (Exhibit A-3, Doc. 22-6) in its opposition to HSIC's summary judgment. However, contrary to HSIC's claim, a Motion to Strike remains a proper procedural device to counter exhibits submitted in support of summary judgment in the US District Court for the Western District of Louisiana. Indeed, Houston Specialty Insurance Company has in other litigation before this Court done exactly that. In *Houston Specialty Ins. Co. v. Meadows West Condo Association*, et al., 6:13-cv-02150-RFD-CBW, United States District Court, W.D. Louisiana, Lafayette Division, Houston Specialty Insurance Company on November 24, 2014 filed Document 33 entitled:

> "HOUSTON SPECIALTY INSURANCE COMPANY'S OBJECTIONS AND **MOTION TO STRIKE** CERTAIN PORTIONS OF MARION NEVILS' AFFIDAVIT ATTACHED TO MEADOWS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND OPPOSITION TO HOUSTON SPECIALTY'S MOTION FOR SUMMARY JUDGMENT". (emphasis added)

---

[2] (Exhibit A-3, Doc. 22-6) is the LaGrange report submitted in support of HSIC's MSJ, (Doc. 22)

This Court in the *Houston Specialty v. Meadows West* case stated relative to Houston Specialty's Motion to Strike that "a motion to strike an affidavit filed in support of, or in opposition to, a motion for summary judgment is governed by Rule 56(c)(4) of the Federal Rules of Civil Procedure." Clearly in this Court AIS's Motion to Strike (Exhibit A-3, Doc. 22-6) is the proper procedural vehicle to object to HSIC's use of the LaGrange report in support of its summary judgment.

**The LaGrange Report IS Hearsay**

The LaGrange report is an out of court statement by a declarant introduced to prove the purported truth of the matter asserted therein. While HSIC claims that it is not offering the report to prove the "truth" of the opinions in the report, HSIC is once again profoundly incorrect. In its Statement of Undisputed Facts filed in support of its Motion for Summary Judgment (Doc. 22-1), HSIC states in pertinent part:

> "3. La Grange Report
>
> In connection with the claim, HSIC was also sent a copy of a report from the consultants referred to in the petition, LaGrange Consulting. LaGrange concluded that the renovated area was contaminated by **mold** due to errors of the renovation professionals, including negligent insulation work. (Ex. A-3, HSICO178-HSICO197)" emphasis theirs (Rec. p. 482)

HSIC is clearly offering the LaGrange report to prove the presence of mold in the underlying Whatley litigation, HSIC even highlighted the word mold its submission to the Court. The presence of or lack of any mold present in the Whatley home and whether any sued upon damage is related to mold are contested issues in the Whatley state court litigation. And as previously stated by both AIS and the Whatleys in opposition to HSIC's summary judgment, LaGrange's

3

role was to determine whether the design and construction of the Whatley home was inadequate and/or defective and to make recommendations for remediation work. LaGrange was **not** engaged to determine whether "fungi" or "bacteria" were present, much less to determine whether such was the cause of the Whatleys' claims for property damage and bodily injury. (Doc. 36, Rec. p. 790)  If HSIC were only offering the LaGrange report to show that the report existed, or to show that Mr. LaGrange had inspected the Whatleys' home, AIS would not have filed this Motion to Strike.  However, HSIC is submitting the LaGrange report to show the presence of mold in the Whatley home and relying on the LaGrange report to invoke the "Fungi or Bacteria Exclusion" in its policy.  In its memorandum in support of its summary judgment HSIC states in pertinent part:

> "…the bodily injury and property damage claims are all alleged to have been caused "directly or indirectly" by mold. Therefore, the mold exclusion excludes coverage for all property damage and bodily injury claims by the Whatleys."
> (Doc. 22-2, Rec. p. 499)

However, the Whatleys' petition in the state court litigation makes no mention of mold, and the presence of or lack of any mold present in the Whatley home and whether any sued upon damage is related to mold are contested issues in the Whatley state court litigation.  HSIC claims that it is not seeking to prove the truth or accuracy of the opinions in the LaGrange report, rather HSIC claims the LaGrange report is submitted to merely prove the substance of the Whatleys' claim.  However, as the Whatleys have not alleged in their petition either property damage or bodily injury caused by mold, HSIC cannot rely on the LaGrange report to prove any claim of the Whatleys' is related to mold.  And as HSIC is relying on the LaGrange report to show the presence of mold in the Whatley home and relying on the LaGrange report to invoke the "Fungi

4

or Bacteria Exclusion" in its policy, it is clearly being offered to prove the "truth" of the matter asserted, in this instance presence of mold in the Whatley home and is therefore inadmissible hearsay and should be stricken as summary judgment evidence and not be considered by the Court for any purpose.

In addition, HSIC asserts in its opposition that F.R.E 803(6), the business records exception to the hearsay rule, applies to make the LaGrange report admissible in support of its summary judgment. (Doc. 45, Rec p. 902) This assertion by HSIC is simply incorrect. Evidence within a declaration, deposition, or affidavit may be considered in support of a motion for summary judgment only to the extent that it is not in itself based **on hearsay** (hearsay within hearsay) **or other information excludable at trial**. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (emphasis added). As previously shown herein and in prior submissions to the Court by AIS, HSIC is clearly relying on the LaGrange report to show the presence of mold in the Whatley home and relying on the LaGrange report to invoke the "Fungi or Bacteria Exclusion" in its policy. Were HSIC only offering the LaGrange report to show that the report existed, or to show that Mr. LaGrange had inspected the Whatleys' home, AIS would not have filed this Motion to Strike. However, as the LaGrange report is being offered by HSIC to prove the "truth" of the matter asserted, in this instance presence of mold in the Whatley home, it is inadmissible hearsay within hearsay and does not fall within the hearsay exception afforded by F.R.E 803(6).

**Conclusion**

As shown herein, in AIS's Memorandum in Support of its Motion to Strike and additionally in AIS's Memorandum in Opposition to HSIC's Motion for Summary Judgment, the LaGrange report (Exhibit A-3, Doc. 22-6) is both untrustworthy and excludable at trial relative to

any contention that mold or other fungal growth was present in the Whatley home and whether any alleged damage sued upon by the Whatleys is related to mold.  Further, the LaGrange report, (Exhibit A-3, Doc. 22-6) does not fall within the hearsay exception afforded by F.R.E. 803(6) and is inadmissible hearsay which should be stricken as summary judgment evidence and not be considered by the Court for any purpose.

                RESPECTFULLY SUBMITTED:
                THE KYLE LAW FIRM, A.P.L.C.

                ____/s/ Steven Schilling_____
                SHARON B. KYLE # 25437 sk@kylelaw.net
                NANCY A. RICHEAUX #29397 nr@kylelaw.net
                STEVEN K. SCHILLING #27635  ss@kylelaw.net ( T.A.)
                4960 Bluebonnet Blvd., Ste. A
                Baton Rouge, Louisiana 70809
                Telephone: 225/293-8400
                Facsimile: 225/291-9501

                ***Attorneys for Ascension Insulation and Supply, Inc.***

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that, on the 4th[th] day of May, 2018, a copy of the above and foregoing Motion to Strike was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

            /s/ Steven Schilling
            Steven K. Schilling