UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HOUSTON SPECIALTY INSURANCE CO. | CIVIL ACTION NO. 17-cv-1010 |
| VERSUS | JUDGE DOUGHTY |
| ASCENSION INSULATION & SUPPLY, INC., ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

The Whatley family filed suit in a West Feliciana Parish state court against the architect and contractors involved in the remodeling of their home. The Whatleys allege that poor workmanship caused the renovated area to be "contaminated due to excess moisture," which sickened their children and required expensive repairs. One of the subcontractors the Whatleys sued is Ascension Insulation and Supply, Inc., which had a commercial general liability policy issued by Houston Specialty Insurance Company. Ascension Insulation and Houston Specialty disagree over whether the insurer owes coverage in connection with the Whatley suit.

Houston Specialty invoked the diversity jurisdiction of this court and filed a complaint for declaratory judgment on the coverage issues. Before the court are Motions to Dismiss (Docs. 9 and 15) filed by Ascension and the Whatleys that ask the court to exercise its discretion to decline to entertain the request for a declaratory judgment. For the reasons that follow, it is recommended that the motions to dismiss be denied.

**Declaratory Actions and Discretion**

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that in a case of actual controversy within its jurisdiction (subject to certain exceptions), a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The Act confers discretion on the courts rather than an absolute right on a litigant. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton v. Seven Falls Co., 115 S.Ct. 2137, 2143 (1995).

The court has discretion whether to decide or dismiss a declaratory action, but that discretion is not unfettered. The Fifth Circuit, in St. Paul Ins. Co. v. Trejo, 39 F.3d 585 (5th Cir.1994), identified seven nonexclusive factors for a district court to consider in exercising its discretion. These factors are:

(1)  whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2)  whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3)  whether the plaintiff engaged in forum shopping in bringing the suit;

(4)  whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5)  whether the federal court is a convenient forum for the parties and witnesses;

(6)  whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

Those factors will be assessed after a review of the relevant facts found in the record.

**Relevant Facts**

The Whatley family alleges that in 2012 they planned a renovation to their family home in St. Francisville, Louisiana. They sought to convert existing attic space into a living area, including bedrooms for their two young children. They hired an architect and a general contractor. The general contractor then subcontracted work to companies including Ascension Insulation. The Whatleys allege that Ascension's duties included installing insulation in a manner that would prevent discharge of attic air and moisture into the upstairs living space.

The project was completed around May 2013. The Whatleys' son and a newborn daughter began occupying the renovated area. The children allegedly developed severe upper respiratory issues that required numerous medical treatments, including surgeries. The Whatleys allege that inspection of the work revealed that the bedrooms suffer from inadequate ventilation and were contaminated due to excessive moisture, which has caused the medical issues suffered by their children. They allege that a substantial portion of the work has been deemed inadequate, defective, and in violation of the applicable residential code. Among the alleged problems is improper installation of the insulation and air sealing in the renovated areas.

The Whatleys filed suit against several defendants, including Ascension Insulation, in West Feliciana state court in April 2017. The petition did not name Houston Specialty

as a defendant, though it did include an allegation that it was believed "DEF Insurance Company" provided a policy to Ascension Insulation that provided coverage for the acts and omissions alleged in the suit.

Houston Specialty filed this federal declaratory judgment action a few months later in August 2017. The complaint alleges that the coverage period for the policy at issue was between April 2013 and March 2014, and the construction work and exposure by the children happened outside the coverage period. Houston Specialty's complaint also invokes several exclusions, including a "Fungi or Bacteria Exclusion," a work product exclusion, and an exclusion for professional liabilities of contractors.

**Analysis of the Trejo Factors**

### No. 1: Parallel State Litigation

The first Trejo factor is whether there is a pending state court action in which all of the matters in controversy may be fully litigated. There is not, because Houston Specialty is not a party to the state court suit. To favor abstention, there not only needs to be a related state court proceeding, but one with the insurer as a party and with the same legal issues presented. Ironshore Specialty Ins. Co. v. Tractor Supply Co., 624 Fed. Appx. 159, 166 (5th Cir. 2015). The lack of a pending parallel state proceeding does not automatically require a district court to decide a declaratory judgment action, but "it is a factor that weighs strongly against dismissal." Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 394 (5th Cir. 2003).

The motions to dismiss cite decisions including Republic Fire & Casualty Ins. Co. v. Estate of Jeane, 2017 WL 456007 (W.D. La. 2017) (Drell, J.) and Princeton Excess &

Surplus Lines Ins. Co. v. Mehendi, LLC, 2014 WL 782832 (W.D. La. 2014) (Walter, J.). Those cases are distinct. Princeton Excess noted that the state court suit involved the same parties, and in Republic Fire the insurer was a party to the state case and had argued a motion for summary judgment on the coverage issues in state court. Houston Specialty is not a party to the Whatley's state court suit, either as a defendant, third-party defendant, or otherwise. The decisions cited by the movants are distinguished. The first factor weighs strongly against dismissal.

### Nos. 2 & 3: Anticipation of a Suit; Forum Shopping

The next two Trejo factors are whether Houston Specialty filed this suit in anticipation of a lawsuit filed by the defendants (Ascension and the Whatleys) or engaged in improper forum shopping. Ascension represents in its motion that Houston Specialty advised Ascension, after the Whatley suit was filed, that it would provide Ascension a defense in the Whatley litigation, but under a reservation of rights to contest coverage. Houston Specialty filed this declaratory judgment action soon afterward.

The movants argue that these facts favor dismissal. The undersigned does not find any improper forum shopping or other manipulative behavior that would warrant that conclusion. There was no gamesmanship. The Whatley defendants filed suit before this declaratory action was filed. And Ascension does not represent that it has or plans to sue Houston Specialty in state court, either by third-party demand in the Whatley suit or directly in a separate suit. Thus, there is no indication that Houston Specialty was acting in anticipation of a lawsuit at the time it filed this action.

In any event, "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" Sherwin-Williams, 343 F.3d at 391. And filing in federal court did not gain Houston Specialty any advantage in terms of applicable law. The same state law will apply to the issues whether they are resolved in a state court or this court. See Sherwin-Williams, 343 F.3d at 399-400. Finally, when an out-of-state plaintiff like Houston Specialty invokes diversity jurisdiction, it is in keeping with the traditional justification for diversity jurisdiction, which is to protect such foreign defendants. Id. at 399. These factors do not favor dismissal.

### No. 4: Inequities

The next Trejo factor is whether possible inequities exist in allowing Houston Specialty to gain precedent in time or to change forums. Ascension argues that allowing this federal lawsuit to proceed could impose inequitable hardship on it by "prematurely denying coverage" and denying it an insurer-funded defense to the state court action. If Houston Specialty has no legal obligation to provide a defense under the policy, then there is nothing inequitable to Ascension for a court to declare that to be the case. Ascension does not have a right to drag out the decision on coverage and defense issues until it has received the defense. Accordingly, this factor does not favor dismissal.

### No. 5: Convenience of Parties and Witnesses

The fifth Trejo factor is whether the federal court is a convenient forum for the parties and witnesses. Ascension argues that this court is located over 220 miles and a four-hour drive from the Whatleys' home and the location of the principal parties. It is

doubtful, however, that this distance would create any meaningful inconvenience to any party. This case will likely require few, if any, court appearances by the parties or witnesses. Most similar cases are resolved on summary judgment. If that is not the case, and a trial is required, the distance is not significant enough to favor dismissal.

### No. 6: Judicial Economy

The next Trejo factor is whether retaining the lawsuit would serve the purposes of judicial economy. Movants argue that judicial economy would be ill served by parallel suits on the same issues. That is not a persuasive argument because, as discussed above, the policy/coverage issues are not present in the state court suit. The suits are not parallel with respect to the coverage issues presented by Houston Specialty, which is not even a party to the Whatley suit, so there would not be any duplication of efforts. This factor does not favor dismissal. Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc., 149 F.3d 371 (5th Cir. 1998) (district court abused its discretion in abstaining from entertaining insurer's declaratory action, in deference to state liability action to which insurer was not a party, since state and federal proceedings were not parallel and judicial economy weighed in favor of a declaratory ruling).

### No. 7: Construction of State Judicial Decree

The final factor asks whether the federal court is being called on to construe a state judicial decree involving the same parties. The parties agree that this court is not being called on to take such action. Movants argue that principles of comity that underlie this factor nonetheless warrant abstention, but those arguments lack force when the insurer is not a party to the state court case.

**Conclusion**

An assessment of the relevant factors weighs in favor of denying the motions to dismiss and maintaining jurisdiction over this case. None of the forum shopping, convenience, or equitable factors weigh in favor of dismissal. Most important, there is not a pending state court action in which the coverage issues presented here will be litigated. Houston Specialty is not a party to the Whatley case, and it would have to affirmatively intervene in the suit or file a separate declaratory judgment action in state court if it wished to present these claims to a state court. The law does not require that it do so.

Accordingly,

**IT IS RECOMMENDED** that the **Motions to Dismiss (Docs. 9 and 15)** be **denied**.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of July, 2018.

Mark L. Hornsby
U.S. Magistrate Judge