UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**HOUSTON SPECIALTY INSURANCE CO.**          **CIVIL ACTION NO. 17-cv-1010**

**VERSUS**                                   **JUDGE TERRY A. DOUGHTY**

**ASCENSION INSULATION & SUPPLY, INC.,**     **MAG. JUDGE MARK L. HORNSBY**
**ET AL.**

**RULING**

Pending before the Court is a Rule 59(e) Motion to Reconsider and Amend Judgment on Behalf of Plaintiff Houston Specialty Insurance Co. ("Houston Specialty") [Doc. No. 58]. Defendants Adam Whatley and Carly Whatley and Ascension Insulation & Supply, Inc. ("Ascension") filed memoranda in opposition to the motion. [Doc. Nos. 64 & 65]. Houston Specialty filed a reply memorandum. [Doc. No. 66]. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

**I.     Procedural History**

Houston Specialty previously filed a Motion for Summary Judgment [Doc. No. 22], and Ascension filed a related Motion to Strike [Doc. No. 43]. On July 25, 2018, Magistrate Judge Hornsby issued a Report and Recommendation [Doc. No. 53] in which he recommended that the Court deny both motions. Magistrate Judge Hornsby further recommended that the Court exercise its discretion and dismiss the Complaint without prejudice given the effect factual development and/or trial in the related state court matter could have on this lawsuit.

After conducting a *de novo* review of the entire record, including Houston Specialty's objections, the Court issued a Ruling adopting Magistrate Judge Hornsby's Report and Recommendation, denying the motions, and dismissing the action. [Doc. Nos. 56 & 57].

However, on September 19, 2018, Houston Specialty filed the instant motion moving the Court to reconsider its Ruling and Judgment. The motion is fully briefed, and the Court is prepared to rule.

**II.     Law and Analysis**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration per se. Instead, a timely filed motion challenging a final judgment is considered under Rule 59(e) as a motion to alter or amend judgment.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). The Fifth Circuit has held that this type of motion is not to be used to rehash "evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* The purpose of a Rule 59(e) motion is to allow a party "to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citation and internal quotation marks omitted). If a Rule 59(e) motion is based on newly discovered evidence, then a court should grant the motion only if "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003) (citation omitted).

With regard to the denial of Houston Specialty's Motion for Summary Judgment, the Court finds no manifest error of law or fact and declines to reconsider its ruling and judgment.

With regard to the dismissal of this action, however, the Court finds that Houston Specialty has stated a basis for alteration of the ruling and judgment. Houston Specialty brought this action under the Declaratory Judgment Act, and after further review of the relevant case law, the Court finds that it should exercise its discretion to retain jurisdiction over this matter.

> The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952)). "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286, 115 S.Ct. at 2142. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 289, 115 S.Ct. at 2143.

*Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 389 (5th Cir. 2003). "The Fifth Circuit uses the *Trejo* factors to guide a district court's exercise of discretion to accept or decline jurisdiction over a declaratory judgment suit." *Id.* at 390; *see St. Paul Ins. Co. v. Trejo,* 39 F.3d 585 (5th Cir. 1994). The *Trejo* factors are as follows:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy," . . . and . . . whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

39 F.3d at 590-91. These factors focus on "three aspects of the analysis": (1) "the proper allocation of decision-making between state and federal courts[,]" (2) "fairness[,]" and (3) "efficiency." *Sherwin-Williams*, 343 F.3d at 390-91. As Houston Specialty points out, this Court previously adopted the Report and Recommendation of Magistrate Judge Hornsby in which he concluded that all of the *Trejo* factors favored maintaining jurisdiction. *See* [Doc. Nos. 52 & 54].

The Court previously agreed with Magistrate Judge Horsnby in concluding that this matter should be dismissed without prejudice to allow factual development in the state court record. However, after reviewing *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371 (5th Cir. 1998), and *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 Fed.App'x. 159 (5th Cir. 2015), the

3

Court agrees with Houston Specialty that dismissal is not appropriate. In those cases, the Fifth Circuit considered very similar facts and found that a federal decision on the issue of insurance coverage does not involve the same legal issues as the state court liability suit, such that "a federal decision on the insurance issues would likewise have no impact on the state court liability issues." *Agora*, 149 F.3d at 373; *see also Ironhorse*, 624 Fed. App'x at 166 (The state and federal cases did "not involve the same legal issues"; the issue of whether the injured party was an "employee" for purpose of the insurance policy was "distinct" from whether he was an employee for purposes of the Texas Workers' Compensation Act). Further, the Fifth Circuit has concluded that a district court abuses its discretion by dismissing such actions when the insurer was not a party to a state court liability action on the basis that the insurer might be able to intervene. Accordingly, the Court grants this portion of Houston Specialty's motion and will re-open the case and retain jurisdiction.

### III. Conclusion

Therefore, for the reasons set forth in this Ruling, Houston Specialty's Rule 59(e) Motion to Reconsider [Doc. No. 28] is GRANTED IN PART AND DENIED IN PART. To the extent that Houston Specialty moves the Court to reconsider its denial of the Motion for Summary Judgment, the motion is DENIED. To the extent that Houston Specialty moves the Court to reconsider the dismissal of this matter without prejudice, the motion is GRANTED, and the case is re-opened. The Court will retain jurisdiction of the case.

MONROE, LOUISIANA, this 5th day of November, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE